STATE, EX REL. GEORGE F. STEVENSON, v. JAMES S. VOS-SELLER, CLERK OF UNION COUNTY.

The object of the act of 1880, (*Pamph. L., p. 266,*) respecting chattel mortgages, was to save the necessity of re-filing. That object is, under the terms of the act, accomplished by filing the mortgage or a copy of it, with the affidavit required by the act of 1878, (*Pamph. L., p. 139,*) and by having the original mortgage duly acknowledged and recorded. It is not necessary to file the original mortgage; that may be recorded and taken from the office by the mortgagee, provided he files a true copy with the proper affidavit.

On application for *mandamus.*

Argued at June Term, 1881, before Justices DEPUE and VAN SYCKEL.

For the relator, *S. B. Ransom.*

For the defendant, *F. Bergen.*

The opinion of the court was delivered by

VAN SYCKEL, J. On the 20th day of November, 1880, the relator filed in the office of the county clerk of Union county, a copy of a chattel mortgage of that date, with an affidavit attached, pursuant to the act of March 19th, 1878. *Pamph. L., p. 139.*

On the same day he offered for record the original of the chattel mortgage he had filed, to which was annexed a copy

of the original affidavit attached to the copy of the mortgage filed.

The clerk refused to record this mortgage, on the ground that it did not conform to the requirements of the act of 1880. *Pamph. L., p.* 266.

This mortgage was duly acknowledged, as required by the act of 1880. The clerk insists that it is not entitled to be recorded, because there was not annexed to it such an affidavit as the act of 1878 requires, but only a copy of such an affidavit.

The act of 1878 provides that a chattel mortgage not accompanied by possession shall be void as against creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage or a true copy thereof, having annexed thereto an affidavit stating the consideration of said mortgage, and, as near as possible, the amount due and to grow due thereon, be filed according to law.

A further section of the act of 1878, makes it necessary to re-file, with a like affidavit, within thirty days prior to the expiration of a year after the filing.

The act of 1880, section 1, provides that the county clerk shall record every chattel mortgage hereafter filed in pursuance of the provisions of the act to which said act of 1880 is a supplement, and of the several supplements thereto, and having thereon such certificate of acknowledgment or proof of execution as is or may be required by law for the recording of deeds.

It is made the duty of the clerk to record a chattel mortgage, acknowledged according to law, when it has been filed in pursuance of the provisions of the act of 1878.

Was this mortgage so filed? The original mortgage, or a copy of it, with the proper affidavit, may be filed. In this case a copy of the mortgage with the proper affidavit attached to it, was duly filed, in conformity with the act of 1878.

The relator had then brought himself so far within the provisions of the act of 1880, that he had filed his mortgage in

In re George W. Edwards.

pursuance of the provisions of the prior law, and one thing only remained to be done to entitle him to the benefit of having his original mortgage recorded, which was, that it should be duly acknowledged. With this requirement he also complied, and thereby imposed upon the clerk the duty of putting the mortgage upon record.

As appears from section five of the act of 1880, its purpose was to save the necessity of re-filing. That object is, under the terms of the act, accomplished by filing the mortgage or a copy of it, with the affidavit required by the act of 1878, and by having the original mortgage duly acknowledged and recorded.

It is not necessary to file the original mortgage; that may be recorded and taken from the office by the relator, provided he files a true copy, with the proper affidavit.

The *mandamus* should be granted, without costs.